{¶ 25} I agree with the result reached by the majority in this case but do not agree with all of the analysis.
 {¶ 26} The weakest link in the State's case was proving that appellant knew or had reasonable cause to believe the property had been obtained through the commission of a theft offense. The majority concludes that from appellant's misrepresentation that the credit card was the appellant's girlfriend's card and from appellant's attempt to flee when the police were called, the jury could conclude that the appellant had reason to believe the card was stolen. But I submit that the appellant would have acted the same way if he were using a credit card he found but knew he had no permission to use.
 {¶ 27} Additionally, the majority states that "by possession of the card, which appellant knew he did not have authority to possess, coupled with his attempt to draw $300.00 on the card while claiming it belonged to his girlfriend, appellant committed the underlying theft offense necessary for the `knowledge' element of the crime of receiving stolen property." In other words, since the appellant knew that themoney he would receive (from the transaction with the credit card) was stolen (appellant did not have authority to obtain it), the appellant had reason to believe the credit card was obtained through a theft offense. This is illogical.
 {¶ 28} In spite of the disagreements I have with the majority's analysis, I concur in the result of the decision.